**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 1 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Case No.: 18-29768-ABA

James T. Loring & Rosemary Loring    Judge: Altenburg

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 01/03/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ATA    Initial Debtor: JTL    Initial Co-Debtor: RL

## Part 1: Payment and Length of Plan

a. The debtor shall pay $ __486.00__ per __month__ to the Chapter 13 Trustee, starting on __01/01/2020__ for approximately __46__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 720 Harrison Avenue
Proposed date for completion: June, 2020

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

     a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

     a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDINGTRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,560.00 |
| INTERNAL REVENUE SERVICE | FEDERAL TAXES OWED | BALANCE DUE: $ 20,118.96 |

     b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bayview Loan Servicing | 720 Harrison Avenue | $42,092.38 | 0 | To be paid at closing | $1539.94 |
| Township of Riverside Tax Collector | 720 Harrison Avenue | $1,115.82 | 0 | To be paid at closing | $85.00 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**   ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**   ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  0_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Motor Credit Company | $1,464.82 | Auto Lease | Assume | $698.00 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Andrew T. Archer, Esquire
3) Secured Creditors
4) Priority Creditors/Unsecured Creditors

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtors wish to sell their property. | Bayview Loan Servicing and Township of Riverside Tax Collector to be paid in full at closing. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 01/03/2020                                              /s/ James T. Loring
                                                              Debtor

Date: 01/03/2020                                              /s/ Rosemary Loring
                                                              Joint Debtor

Date: 01/03/2020                                              /s/ Andrew T. Archer
                                                              Attorney for Debtor(s)

```
                                  United States Bankruptcy Court
                                         District of New Jersey

In re:                                                                              Case No. 18-29768-ABA
James T. Loring                                                                     Chapter 13
Rosemary Loring
         Debtors                            CERTIFICATE OF NOTICE
District/off: 0312-1             User: admin                  Page 1 of 2                  Date Rcvd: Jan 03, 2020
                                 Form ID: pdf901              Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 05, 2020.
db/jdb         +James T. Loring,    Rosemary Loring,    720 Harrison Street,    Riverside, NJ 08075-3422
cr             +BAYVIEW LOAN SERVICING, LLC,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,
                 Suite 100,   Mt. Laurel, NJ 08054-3437
r              +Paul Tursi,    Keller Williams Realty,    381 Egg Harbor Road,    Suite 2,   Sewell, NJ 08080-1853
517794707      +Apex Asset Management,    Attn: Bankruptcy,    2501 Oregon Pike, Ste 201,
                 Lancaster, PA 17601-4890
517794713      +I C System Inc,    444 Highway 96 East,    P.O. Box 64378,    St. Paul, MN 55164-0378
517880246      +Larchmont Imaging,    Apex Asset Management, LLC,    PO Box 5407,    Lancaster, PA 17606-5407
517794716      +Phelan Hallinan Diamond and Jones, PC,    400 Fellowship Road,    Mount Laurel, NJ 08054-3437
517808876      +Riverside Township,    PO Box 188,   Riverside, NJ 08075-0188
517794717      +Riverside Township Tax Collector,    237 S. Pavilion Avenue,    Riverside, NJ 08075-3689
517794719     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: Toyota Motor Credit Co,     Toyota Financial Services,    Po Box 8026,
                 Cedar Rapids, IA 52408)
518430926       Toyota Lease Trust,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern  PA 19355-0701
517916919      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
518103544      +Toyota Motor Credit Corporation,    KML Law Group, P.C.,    216 Haddon Avenue, Suite 406,
                 Westmont, NJ 08108-2812

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 04 2020 00:02:13      U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 04 2020 00:02:09      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
lm             +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jan 04 2020 00:02:51
                 Bayview Loan Servicing LLC,    4425 Ponce De Leo Boulevard,    5th floor,   Miami, FL 33146-1837
517794710      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jan 04 2020 00:02:51
                 Bayview Financial Loan,    Attn: Bankruptcy Dept,    4425 Ponce De Leon Blvd. 5th Floor,
                 Coral Gables, FL 33146-1873
517794712      +E-mail/Text: clientrep@capitalcollects.com Jan 04 2020 00:03:19      CCS,    Attn: Bankruptcy,
                 Po Box 150,   West Berlin, NJ 08091-0150
517794711      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 04 2020 00:08:12      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,   Salt Lake City, UT 84130-0285
517900659       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 04 2020 00:08:51
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517794714      +E-mail/Text: cio.bncmail@irs.gov Jan 04 2020 00:01:41      Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
517836482       E-mail/PDF: resurgentbknotifications@resurgent.com Jan 04 2020 00:09:09
                 LVNV Funding, LLC its successors and assigns as,     assignee of Arrow Financial Services,,
                 LLC,   Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517822121      +E-mail/PDF: cbp@onemainfinancial.com Jan 04 2020 00:08:40      OneMain,    PO Box 3251,
                 Evansville, IN 47731-3251
517794715      +E-mail/PDF: cbp@onemainfinancial.com Jan 04 2020 00:08:41      OneMain Financial,
                 Attn: Bankruptcy,    601 Nw 2nd Street,    Evansville, IN 47708-1013
518351288       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 04 2020 00:08:16
                 Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541
518351289       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 04 2020 00:30:54
                 Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541,
                 Portfolio Recovery Associates, LLC,    PO Box 41067,    Norfolk, VA 23541
517918436       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 04 2020 00:07:41
                 Portfolio Recovery Associates, LLC,    c/o Care Credit,    POB 41067,    Norfolk VA 23541
517794718      +E-mail/PDF: gecsedi@recoverycorp.com Jan 04 2020 00:08:08      Synchrony Bank/Care Credit,
                 Attn: Bankruptcy Dept,    Po Box 965061,    Orlando, FL 32896-5061
517901280      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 04 2020 00:19:42      Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 16

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517896113        BAYVIEW LOAN SERVICING, LLC
517794709*      +Apex Asset Management,    Attn: Bankruptcy,    2501 Oregon Pike, Ste 201,
                  Lancaster, PA 17601-4890
517794708*      +Apex Asset Management,    Attn: Bankruptcy,    2501 Oregon Pike, Ste 201,
                  Lancaster, PA 17601-4890
                                                                                         TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Jan 03, 2020
                              Form ID: pdf901          Total Noticed: 29
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 05, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 3, 2020 at the address(es) listed below:
              Andrew L. Spivack    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC nj.bkecf@fedphe.com
              Andrew Thomas Archer    on behalf of Joint Debtor Rosemary  Loring aarcher@spillerarcherlaw.com,
               bankruptcy@brennerlawoffice.com;r64966@notify.bestcase.com
              Andrew Thomas Archer    on behalf of Debtor James T. Loring aarcher@spillerarcherlaw.com,
               bankruptcy@brennerlawoffice.com;r64966@notify.bestcase.com
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Isabel C. Balboa     ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Robert  Davidow    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC nj.bkecf@fedphe.com
              Sherri Jennifer Smith    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 10
```